MEARL SHANNON, Defendant in Error, *vs.* WILLIAM R. NIGHTINGALE *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1926.*

1. NEGLIGENCE—*what question is raised by motion to direct a verdict for defendants.* In an action for personal injuries, a motion to direct a verdict for the defendants raises the question of law as to whether there is any evidence, considered in the light most favorable to the plaintiff, tending to sustain his side of the issue, and if there is such evidence it must be submitted to the jury; and no question of its sufficiency to support the verdict can be raised in the Supreme Court, as the question whether the evidence is sufficient to sustain the allegations of the declaration is a question of fact.

2. SAME—*when question of agency is for the jury—review.* In an action for personal injuries, special pleas denying that the person driving the truck which caused the injuries was the servant of the defendants raise an issue of fact, and where there is no written contract between the parties and parol evidence must be introduced to determine their relation, the question whether the driver was the servant of the defendants or of an independent contractor is a mixed question of law and fact which must be submitted to the jury under proper instructions, and the verdict on such issue, and the decision of the Appellate Court affirming the same, are conclusive and not subject to review by the Supreme Court. (*Densby* v. *Bartlett,* 318 Ill. 616, distinguished.)

3. MASTER AND SERVANT—*servant of one party may become temporary servant of another.* A servant in the general service of one may be transferred, with respect to particular work, to the service of another so as to become for the time the servant of the other, with all the legal consequences of the relation, the question to be determined being whether the servant so transferred is performing work for his original master or whether he is loaned by his master to do another's business.

4. TRIAL—*when questions of fact are involved.* Wherever evidence must be introduced to maintain an issue of fact made by the pleadings controverted questions of fact are involved, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon and embodied in a stipulation of facts.

5. SAME—*when, only, may case be taken from the jury.* An instruction taking the case from the jury should be given only where

the evidence, with all the legitimate and natural inferences to be drawn from it, is wholly insufficient, if credited, to sustain a verdict for the plaintiff, and if the evidence in support of the plaintiff's allegations is sufficient to make a *prima facie* case the court is not authorized to direct a verdict for the defendant.

6. SAME—*what may be considered by court on motion to direct verdict.* On a motion to direct a verdict only that evidence can be considered which is in favor of the party against whom the motion is directed, and that evidence must be considered in the light most favorable to that party, together with all legitimate inferences which may be drawn from it in his favor.

7. SAME—*evidence contrary to plaintiff's cannot be considered on motion to direct verdict for defendant.* On a motion to direct a verdict for the defendant, if the condition of the evidence at the close of the plaintiff's case does not justify an instruction for a verdict for the defendant no evidence introduced by the defendant will justify it except uncontradicted evidence of an affirmative defense.

8. APPEALS AND ERRORS—*Appellate Court may consider mixed question of law and fact although there is no conflict in testimony.* In the decision of mixed questions of law and fact, the fact that there is no contradiction in the testimony does not preclude the Appellate Court from reaching a different conclusion from the trial court as to the ultimate fact.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

PALLISSARD & BENJAMIN, for plaintiffs in error.

FREE P. MORRIS, and ROSCOE C. SOUTH, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

In the evening of October 10, 1923, Mearl Shannon, a student in the Watseka high school, was going to his home in Woodland in a Ford touring car when a collision occurred between the car and a Garford truck engaged in

the business of hauling oil and gasoline and driven by Dale Pratt. Shannon received severe injuries, and by his father, as his guardian, brought suit against William R. Nightingale and John P. Pallissard, who conducted an oil business at Watseka as partners, under the firm name of Eastern Illinois Oil Company. The defendants pleaded the general issue and special pleas denying that they were possessed of, managing, controlling or operating the truck, and denying that Pratt, who was alleged to be the servant of the defendants, was their servant. Upon a trial of the issues by a jury the defendants were found guilty, the damages were assessed at $2750, and a judgment for that amount was rendered against the defendants, from which they appealed to the Appellate Court for the Second District, where the judgment was affirmed. On their petition a writ of *certiorari* was awarded to bring the record before us for review.

No question is raised by the plaintiffs in error as to the negligence of the driver of the truck or the contributory negligence of the defendant in error, but it is contended that under the law as applied to the facts shown by the evidence Pratt was not their servant but was the servant of an independent contractor. The verdict was a general verdict. No interrogatories were submitted to the jury and there were no special findings of fact. No assignments of error in the admission or rejection of evidence or the giving or refusing of instructions are argued. The only question which is argued is whether Pratt, the driver of the truck, was the servant of the plaintiffs in error, the plaintiffs in error contending that under the evidence he was not their servant but was the servant of Rose Loux, an independent contractor, and that the plaintiffs in error were therefore not liable for his negligence.

The evidence shows that the truck involved in the accident was engaged in the business of hauling gasoline and oil belonging to the plaintiffs in error and delivering it to their customers; that it was driven by Dale Pratt, who also

received payment for the plaintiffs in error from the customers to whom the gasoline and oil were delivered and took orders for further deliveries, and that the name of the plaintiffs in error's firm, "Eastern Illinois Oil Company," was painted on the truck and printed on the memorandum tickets given when orders were delivered or taken; that this truck and other trucks which were engaged in the same business of the plaintiffs in error belonged to Mrs. Loux, were kept on her premises, and that Pratt and the other drivers of the trucks were employed by her. The name "Eastern Illinois Oil Company" was printed on all the trucks, and the drivers of them, on delivering gasoline or oil, left a memorandum ticket containing the same name. They also took orders for gasoline and oil, using memorandum tickets bearing the same name. Orders were also taken by Mrs. Loux and telephoned to the office of the plaintiffs in error, and, together with orders received directly from customers personally by telephone to the plaintiffs in error's office, were placed on a hook in the office and executed by the truck drivers. The agreement between Mrs. Loux and the Eastern Illinois Oil Company was that she would furnish trucks and drivers to deliver gasoline, kerosene, lubricating oil, or anything the Eastern Illinois Oil Company had for sale, and the drivers made delivery of the goods ordered and collections of the price. Under the contract the plaintiffs in error furnished the gasoline to run the trucks, Mrs. Loux furnished the oil, and the cost of repairs and other expenses of operation of the trucks were paid by her. The men were paid weekly, at the request of Mrs. Loux, by checks of the Eastern Illinois Oil Company. These payments were charged against Mrs. Loux's account and monthly settlements were made with her by the plaintiffs in error, in which she was credited with the amount of the gasoline and kerosene delivered and was paid the balance remaining after the deductions for salaries were made. The plaintiffs in error had no control over the men employed by Mrs. Loux

and no authority to discharge the drivers but did have authority to direct the drivers in regard to the deliveries to be made. The agreement between the plaintiffs in error and Mrs. Loux was that her servants were to call at the station, receive orders, go and fill them, collect the money and bring it in, and she told them, in substance, to do whatever the plaintiffs in error directed them to do in the delivery of oil and gasoline. At the close of the evidence the plaintiffs in error made a motion for a directed verdict in their favor, but it was denied. There was no conflict in the testimony as to the material facts.

This record presents no question of law for our consideration except that raised by the motion to direct the verdict. The question arising on this motion is whether there is any evidence tending to sustain the plaintiff's side of the issue. The plea that Dale Pratt was not the servant of the defendants raised an issue of fact. (*Franklin Coal Co.* v. *Industrial Com. 296* Ill. *329*; *Amalgamated Roofing Co.* v. *Travelers' Ins. Co.* 300 id. 487.) This issue the jury found against the plaintiffs in error. Wherever evidence must be introduced to maintain an issue of fact made by the pleadings controverted questions of fact are involved, which include not only evidentiary facts but ultimate facts, even though there be no conflict in the testimony or the evidence may be agreed upon and embodied in a stipulation of facts. (*Navratel* v. *Curtis Door and Sash Co.* 290 Ill. 526; *First Nat. Bank* v. *Bank of Whittier,* 221 id. 319; *Bolton* v. *Johnston,* 163 id. 234; *Louisville, New Albany and Chicago Railway Co.* v. *Red,* 154 id. 95; *American Exchange Nat. Bank* v. *Chicago Nat. Bank,* 131 id. 547.) If the contract of the plaintiffs in error with Mrs. Loux had been in writing, the question whether, in performing the work of delivering gasoline and oil for the plaintiffs in error, she was an independent contractor would be determined, as a matter of law, by a construction of the written contract. (*Pioneer Construction Co.* v. *Hansen,* 176 Ill. 100.) Since

the contract was not in writing but could be shown only by parol evidence the determination of its terms was necessarily left to the jury, and the question whether by its terms Mrs. Loux was an independent contractor or not was therefore required to be submitted to the jury under proper instructions by the court. (*Consolidated Fireworks Co.* v. *Koehl,* 190 Ill. 145.) The facts that the trucks all had the plaintiffs in error's firm name painted on them, that the drivers collected pay for the plaintiffs in error for the gasoline and oil which they delivered, that they took orders for gasoline and oil to be delivered by the plaintiffs in error, that they were under the control and direction of the plaintiffs in error as to when and where they should deliver gasoline and oil, all were circumstances tending to show that the drivers of the trucks were the employees of the plaintiffs in error. There were other circumstances tending to show that they were the employees of Mrs. Loux as an independent contractor. The determination of the question of ultimate fact whether or not Pratt was an employee of the plaintiffs in error involves a conclusion derived from a consideration of all these and other evidentiary facts, in connection with the application of principles of law to a consideration of the evidence. The question thus becomes a mixed question of law and fact, as to which the verdict of the jury and the decision of the Appellate Court are conclusive and not subject to review. *Roemheld* v. *City of Chicago,* 231 Ill. 467; *McGovney* v. *Village of Melrose Park,* 241 id. 142; *Dillon* v. *Knights and Ladies of Security,* 244 id. 202; *Stevenson* v. *Earling,* 290 id. 565; *Moerschbaecher* v. *Royal League,* 188 id. 9; *Mobile and Ohio Railroad Co.* v. *Massey,* 152 id. 144; *Meyer* v. *Butterbrodt,* 146 id. 131; *St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.* 102 id. 514.

In the recent case of *Densby* v. *Bartlett,* 318 Ill. 616, we had occasion to examine the principles which define the liability of the hirer, for a special service, of an automobile and

a chauffeur from the owner of the automobile, for an injury caused to a third person through the negligence of the chauffeur in the operation of the automobile. The opinion in that case, following previous decisions of this court and of courts of other States and of the United States, affirms the well established rule that a servant in the general service of one may be transferred, with respect to particular work, to the service of another so as to become for the time, in respect to the particular work, the servant of that other, with all the legal consequences of the relation. Many cases are cited in which, under varying circumstances, the rule has been applied, including cases involving contracts for the furnishing of vehicles, and servants for their operation, in the transportation of persons or property. Though the true relation, as was said in *Braxton* v. *Mendelson,* 233 N. Y. 122, quoted in the *Bartlett case,* may be obscured by apparently contradictory circumstances, liability is determined by the answer to the question, Was the servant whose negligence injured the third party, performing work for his master within the scope of his employment or was he loaned by his master to do another's business? In the former case the general employer is liable for his negligence; in the latter he is not.

The *Bartlett case,* after stating the rule that one in the general service of an employer may be transferred to the service of another for a particular work so as to become the servant of the latter in respect to that particular work, states that the most universal and unfailing test for determining the relation of master and servant is the power of the person for whom the work is done to discharge the servant; that where there is such power the relation of master and servant exists, and where the person for whom the work is done has not such power the relation of master and servant does not exist. It is not necessary to repeat the reasoning of that case, to refer to the authorities mentioned, or to recite further the principles of law considered. The

application of those principles to the evidence was necessary to the determination of the question whether or not Pratt was the servant of the plaintiffs in error, and the determination of that question by the jury, approved by the judgment of the circuit court, which has been affirmed by the Appellate Court, in the absence of error of law precludes any review of the question by this court.

The opinion in the *Bartlett case* contains an examination of the evidence, and such examination was necessary for the purpose of determining whether the rules of law announced by the court in the instructions to the jury were applicable to the evidence in the case. It was held that the instructions were contrary to the views expressed in the opinion as to the law and were therefore erroneous. This necessitated the reversal of the judgment. An instruction taking the case from the jury should be given only where the evidence, with all the legitimate and natural inferences to be drawn from it, is wholly insufficient, if credited, to sustain a verdict for the plaintiff. It is immaterial upon which side the evidence is introduced. If there is evidence which fairly tends to support the plaintiff's case it must be submitted to the jury, (*Purdy* v. *Hall,* 134 Ill. 298; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 id. 59;) and no question of its sufficiency to support the verdict can be raised in this court. It is a question of law whether there is any evidence tending to prove the allegations of the plaintiff's declaration, and it is a question of fact, where there is such evidence, whether it is sufficient to sustain such allegations. The former is a question for the court; the latter a question for the jury, subject to revision by the court on motion for a new trial. Therefore the court may not properly take the case from the jury and direct a finding for the defendant when there is some evidence tending to prove every essential allegation of the plaintiff's declaration, merely because, in the judgment of the court, the weight

of the evidence in support of some material allegation is not sufficient to sustain a verdict' for the plaintiff. If the evidence in support of the plaintiff's allegations is sufficient to make a *prima facie* case, the court is not authorized to direct a verdict for the defendant because of evidence of contrary facts tending to an opposite conclusion. On the motion to direct a verdict only that evidence can be considered which is in favor of the party against whom the motion is directed, and that evidence must be considered in the light most favorable to that party, together with all legitimate inferences which may be drawn from it in his favor. In this case there was the single issue presented by the plea of not guilty, and the question whether Pratt was the servant of the plaintiffs in error was vital to that issue. The defendant in error made a *prima facie* case. Contrary evidence was introduced by the plaintiffs in error, but that contrary evidence could not be considered on their motion to direct a verdict in their favor. If the condition of the evidence at the close of the plaintiff's case does not justify an instruction for a verdict in favor of the defendant, no evidence which the defendant may introduce will justify such instruction except uncontradicted evidence of an affirmative defense. Evidence contradictory of the plaintiff's will not do it. (*Balsewicz* v. *Chicago, Burlington and Quincy Railroad Co.* 240 Ill. 238; *Casey* v. *Kelly-Atkinson Co.* id. 416; *Pell* v. *Joliet, Plainfield and Aurora Railroad Co.* 238 id. 510.) It was not intended by the *Bartlett case* to overthrow the rule announced in the decisions which have been cited, that the verdict of the jury on such mixed questions of law and fact, approved by the trial court and the Appellate Court, is conclusive and not subject to review by this court. In the decision of such mixed questions of law and fact the Appellate Court is not precluded by the fact that there is no contradiction in the testimony, from reaching a different conclusion from the trial court as to the ultimate fact. *Roemheld* v. *City of Chicago, supra;*

*Weeks* v. *Chicago and Northwestern Railway Co.* 198 Ill. 551; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75.

The judgment is affirmed.        *Judgment affirmed.*