## LONG TRANSP. CO. v. DOMURAT et al.

### No. 6197.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1937.

Rehearing Denied Dec. 18, 1937.

Emil C. Wetten, Charles H. Pegler, and Paul N. Dale, all of Chicago, Ill., for appellant.

Erwin H. Wright and Alfred Kamin, both of Chicago, Ill., for appellees.

Before MAJOR, Circuit Judge, and LINDLEY and BARNES, District Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment wherein damages were awarded for injuries which appellees are alleged to have sustained as a result of the negligence of a driver of one of appellant's trucks. The case was tried by a jury and appellee Bernice Domurat awarded damages in the sum of $700, and appellee Margaret Domecki in the sum of $8,000. The chief error relied upon is the refusal of the trial court to direct a verdict in favor of appellant. It is claimed the evidence is insufficient to establish appellant's negligence, and discloses contributory negligence on the part of appellees. It is also alleged the court erred in refusing to instruct the jury as requested by appellant.

The facts disclose that on April 25, 1934, about 4 o'clock in the afternoon, appellees, both high school girls, sixteen years of age, were on their way home from downtown Chicago. They traveled from the loop south by street car on State street to the intersection of that street with Thirty-First street. They lived about a mile west of this point, and here they intended to transfer to a Thirty-First street car going west. After alighting from the first car, it was necessary for them to walk east across State street where the westbound car on Thirty-First street stopped. The testimony of appellees is to the effect that after alighting from the first car they stood at or near the curb on the west side of State street until the car on which they had been riding proceeded south, and that they then started east across State street, looking in both directions for approaching cars or vehicles. They saw appellant's truck traveling north on State street from 200 to 300 feet south of the intersection. Continuing across the street, they again saw the truck as it entered the intersection of the two streets. At this time they were in the northbound street car track along which the truck was traveling. Appellant's truck consisted of a tractor and trailer combination about 32 feet in length. The trailer was some 18 feet long, wider and larger than the tractor. Appellee Domecki it seems was struck by the left front fender of the tractor, turned around and again hit by the left front corner of the trailer, when she was thrown to the street. Appellee Domurat was hit by the trailer, but not thrown to the street. State street, at this point, is some 50 to 60 feet in width, and Thirty-First street, 35 to 40 feet. The testimony of appellees as to the manner and circumstances under which they sought to cross State street is corroborated by other witnesses. Testimony on behalf of the appellant is to the effect that, after appellees alighted from the State street car, they walked around to the rear of that car and started across State street at a point north of the intersection, and that they came in contact with appellant's truck at a point 25 or 30 feet north of the intersection. It is claimed that the point where appellees were found after the accident corroborates appellant's version in this respect. The record clearly shows that appellees were found north of the intersection after the accident, the distance varying from 10 to 30 feet. The evidence discloses the truck was traveling from 25 to 30 miles per hour. Some of the witnesses say its speed was reduced as it approached the intersection. One of appellees' witnesses who followed them across the street fixed the speed of the truck at about 30 miles per hour as it traveled across the intersection. This witness also said: "At any rate, it was coming at a very fast clip, so to speak, and the girls tried to get out of the way of the truck."

There was introduced by appellees an ordinance of the city of Chicago which gives to a pedestrian the right of way at crosswalks, not regulated by signal lights or police officer. This intersection, it is conceded, was not regulated so as to bring it within either of the exceptions mentioned in the ordinance. There was a failure of appellant's driver to sound a horn or give other warning as it approached the intersection in question which is located in a closely built-up business section.

Appellee Domecki was confined to the hospital for more than a month and to her home for about the same length of time. Her injuries were permanent, consisting of a skull fracture, deformed clavicle, and face scars. She also sustained an injury to her right kidney which necessitated its removal. Her hospital and physician's bill amounted to $844. Appellee Domurat apparently sustained no permanent injuries other than a nervous condition resulting from the accident. Under the advice of a physician she remained in bed for two weeks. Her physician's bill was $75.

Under this situation we are urged to hold that the trial court erred in its refusal

to direct a verdict in favor of appellant. In other words, we are asked to say, as a matter of law, either there was no evidence proving negligence of appellant, or that the evidence shows appellees' negligence was the contributing and proximate cause of the accident. The rule has often been announced that we have no duty or right to weigh the evidence, but merely to ascertain if there is evidence sufficient to sustain the finding of the jury. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Madison Coal Corp. v. Stullken (C. C.A.) 228 F. 307; Shannon v. Nightingale, 321 Ill. 168, 151 N.E. 573.

Appellant urgently insists that the ordinance introduced in evidence is not applicable for the reason that appellees were not traveling in the crosswalk at the time of the accident, and cites in support of such contention the fact that they were found several feet north of the intersection line after they had been struck. This argument is not without merit, but, like most of appellant's argument, it is of the character which should have been and, no doubt, was, directed to the jury. We do know that things often occur in connection with accidents that neither witnesses, jurors, or courts can explain, but nevertheless, they happen. There is substantial evidence that the collision happened within the intersection, and the ordinance in question, therefore, becomes important, both on the question of negligence and contributory negligence.

There can be no serious controversy that the failure of appellant's driver to comply with this ordinance, its failure to give an alarm as it approached the intersection and the rather rapid rate of speed at which it was traveling, together with other circumstances proven, made the question of appellant's negligence one for the jury. While the question as to appellees' contributory negligence is not so free from doubt, yet we are persuaded that it likewise constituted a jury question.

We do not agree with appellant in its contention that a pedestrian who knows of the approach of a motor vehicle is guilty of contributory negligence in not waiting until the motor vehicle has crossed the intersection before starting across himself. The fact is, the pedestrian has equal rights with the driver of a vehicle and, in the instant case, their rights were superior, inasmuch as the ordinance gave them the right of way. We agree with what was said by the court in Boston Elevated Ry. v. Greaney (C.C.A.) 68 F.2d 657, p. 658: "In most jurisdictions where a pedestrian about to cross the street sees an approaching motor car at such a distance away that he can reasonably arrive at a conclusion that he can safely cross ahead of it, he is not guilty of negligence in starting across the street under such circumstances. Courts in most jurisdictions, when dealing with a particular situation, have refrained from any declaration that a pedestrian who sees a motor vehicle approaching at some distance and proceeds to cross the street in front of it is chargeable with contributory negligence as a matter of law if struck and injured."

But it is said that appellees, after they were in the street, according to their own version of what happened, are guilty of negligence. At that time they were almost in front of the truck and saw it enter the intersection. It is argued they yet had ample time either by stepping forward or backward to escape being hit. Assuming the street was 40 feet wide and the truck was traveling 30 miles per hour, as some of the testimony shows, it was, in length of time, about one second away: To have stepped forward might have placed them directly in front of the approaching truck; to have stepped backward would have placed them in front of another street car approaching from the north. Just what they or any person should do under such circumstances cannot be determined as a matter of law. Appellees had a right, in crossing State street, to assume that the driver of appellant's truck, in approaching the intersection, would exercise reasonable care for their safety, including the observance of appellees' right of way as provided by the ordinance.

We conclude the case was one which properly should have been submitted to the jury, and there was no error on the part of the trial court in its refusal to direct a verdict. We have read the charge and are of the opinion that the jury was properly instructed. The refused instructions requested by appellant are found, in substance, in the charge as given, and there is no reversible error in this respect. The damages awarded are not excessive.

Judgment is affirmed.