(No. 33262.—

JAMES GERAGHTY, Appellant, *vs.* BURR OAK LANES, INC., Appellee.

*Opinion filed January 21, 1955—Rehearing petition stricken March 22, 1955.*

FRED A. GARIEPY, and FRANCIS J. GARIEPY, both of Chicago, (CHARLES E. MALLON, of counsel,) for appellant.

MEYERS & MATTHIAS, of Chicago, (DONALD L. THOMPSON, and ERWIN H. WRIGHT, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In a personal injury action for damages sustained by plaintiff, James Geraghty, the circuit court of Cook County entered a judgment on a jury verdict in favor of plaintiff and against the defendant for $28,000. The Appellate Court reversed the judgment and remanded the cause with directions to enter a judgment for defendant and against the plaintiff notwithstanding the verdict of the jury, (2 Ill. App. 2d 48,) holding, as a proposition of law, that the proximate cause of plaintiff's injury was his contributory negligence, and that a verdict should have been directed. This cause is here on leave granted plaintiff to appeal, and the only question presented for determination is whether or not the judgment of the Appellate Court was proper.

In determining that question we are required to consider all of the evidence in the record which, in the light most favorable to plaintiff, together with all favorable inferences which may be drawn therefrom, and with all controverted questions of fact resolved in his favor, tends to prove the essential elements of his cause of action alleged in his complaint. *Sims* v. *Chicago Transit Authority,* 4 Ill. 2d 60; *Seeds* v. *Chicago Transit Authority,* 409 Ill. 566; *Shannon* v. *Nightingale,* 321 Ill. 168.

From the evidence in the record it appears that on September 30, 1948, the defendant operated a bowling alley in a building which it owned, and adjacent thereto it maintained a parking lot for the use of its patrons, and which lot was constructed prior to November, 1946. At about 8:30 in the evening of September 30, 1948, plaintiff entered the premises of defendant with his car and parked it at one of the lanes there. He and his four guests got out of the car. They had an engagement to bowl at the alleys that evening. The building was northeast of where the car was parked. After plaintiff and his guests got out of the car, he, followed by his guests, proceeded

to walk north towards the next lane to get to the entrance of the bowling alley, which was the most direct way to get there. He was looking where he was walking. Plaintiff walked four or five feet, when all of a sudden, he fell to the ground after his left foot became wedged between a railroad tie and a telephone pole which were lying on the surface of the parking lot. They were at an angle to one another. The ground around the pole and tie was covered with weeds and grass. The weeds extended above the pole and tie, were brown in color, and were estimated as being from twelve inches to three feet in height.

The pole and tie were part of a row of logs and ties laid east and west across the vacant premises to serve as bumpers and to keep parked automobiles in line and thereby leave room for cars to enter and leave the parking space. There was a space of approximately 8 inches between the pole and tie and it was in this angle or space, which was obscured by weeds, in which plaintiff caught his foot and fell. Plaintiff's left shoulder was dislocated by his fall and he was otherwise severely and painfully injured. Neither the plaintiff nor his guests saw the telephone pole or railroad tie until he had fallen and before that he did not know of their existence. He was then 22 years of age. This was the first time he had ever driven to the bowling alleys in his car and it was the first time he had ever been in the parking lot.

He knew the parking lot was there but was not familiar with it. There were no light standard fixtures or lights of any kind in any part of the parking lot. The lighting conditions were very poor. It was dark there and the light nearest to the place where plaintiff fell was at the entrance of the parking lot, a distance of about 75 feet and did not light up the lot near the lane down which plaintiff had driven. It was as dark to the rear of plaintiff's car as it was to the front. As plaintiff drove down the lane to park his car, the headlights of the car lighted up the roadway

on which he was traveling and it was rough and bumpy with holes in it and with piles of earth, some of which protruded out into the lane so much that the car had to zigzag while moving down the lane. There were no lines or markings of any kind outlining the stalls for the automobiles to park nor were there any attendants on duty in the parking lot.

It was upon substantially the foregoing evidence that the Appellate Court reversed the judgment which plaintiff had recovered in the circuit court. Before entering upon a discussion of the question whether the judgment of the Appellate Court was correct or not we deem it appropriate to first make the following observations relating to the rights and obligation of the parties hereto growing out of their relationship of invitor and invitee.

It is undisputed that plaintiff's relation to the defendant was that of a business invitee. This is conceded by defendant. It was, therefore, the duty of defendant to exercise reasonable care for the safety of the plaintiff while he was on that portion of the premises required for the purpose of his visit. (*Pauckner* v. *Wakem,* 231 Ill. 276.) Toward an invitee the owner of premises must use reasonable care and caution to keep the premises reasonably safe for use by such invitee. To be upon premises by an implied invitation means that the person is there for a purpose connected with the business in which the owner of the premises is engaged. *Ellguth* v. *Blackstone Hotel, Inc.* 408 Ill. 343.

Under the facts and circumstances in this case, the defendant owed plaintiff, who was a business invitee, the duty to exercise ordinary care to have the parking lot in a reasonably safe condition to use in a manner consistent with the purpose of the invitation, or at least not to lead him into a dangerous trap, or expose him to an unreasonable risk, but to give him adequate and timely notice and warning of any latent or concealed perils, which were

known to defendant but not to plaintiff. An owner in occupation of the premises violates his duty to an invitee when he negligently allows such conditions to exist on the property which imperil the safety of persons upon the premises. For such violation, he is responsible in damages to the injured person, provided, of course, due care was exercised by that person. If there are hidden dangers upon the premises he must use ordinary care to give warning thereof. 38 Am. Jur., Negligence, sec. 96 *et seq.*, p. 754; *O'Rourke* v. *Marshall Field & Co.* 307 Ill. 197.

The law does not charge one with anticipating dangers and negligent conditions, but he may assume that others have done their duty to give proper warning of hidden dangers, (*Pollard* v. *Broadway Central Hotel Corp.* 353 Ill. 312,) and apart from obvious dangers the plaintiff, as an invitee, could assume that the premises were reasonably safe for the use to which defendant had put them. *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, 19 N.E. 2d 39.

And now having laid the foundation for a better understanding of the issue here presented, we proceed to a discussion thereof.

In seeking to reverse the judgment of the Appellate Court the plaintiff argues that the Appellate Court in achieving the result reached set up completely new duties and standards of conduct to be exercised by a business invitee; that the court erroneously drew all possible unfavorable inferences from the evidence against plaintiff, and resolved controverted questions of fact against plaintiff; that in order to hold plaintiff guilty of contributory negligence as a matter of law, the Appellate Court erroneously failed to adhere to the rule that no person will be held guilty of contributory negligence as a matter of law unless all reasonable men would reach the conclusion that the facts did not establish due care and caution on the part of such person; and finally that the Appellate Court in

reaching its conclusion ignored prior rulings of this court as well as certain decisions in parking lot cases cited by the plaintiff and that the court supported its decision by relying on three cases having no application to the case at bar. These were *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, 19 N.E. 2d 39; *Illinois Central Railroad Co.* v. *Oswald,* 338 Ill. 270; and *Sims* v. *Chicago Transit Authority,* 351 Ill. App. 314.

The above cases are clearly distinguishable from the case at bar. In the *Brooks case* the plaintiff fell over a wood curbing in a parking lot maintained by defendant. The accident occurred at dusk, but the plaintiff· could see perfectly well. There were painted lines and markings extending from the wooden curbings. The case was disposed of by the Supreme Court of Massachusetts solely upon the ground that there was no evidence in the case which would warrant the jury to find that the parking lot was not reasonably safe in its construction and maintenance. There was no holding or ruling in respect to the want of due care on the part of the plaintiff as a matter of law. In that case there was no telephone pole or railroad tie lying at an angle to each other on the ground nor any obscuring weeds, but a 4 x 4 wooden curbing in good repair, which was nailed to wooden posts in the ground. It is obvious that this case in no way supports the conclusion reached by the Appellate Court in the case at bar.

In the *Oswald case* the plaintiff (who was not an invitee) left a sidewalk and groped around the rear of her automobile on a bridge which was completely engulfed by dense black smoke from a passing train under the bridge at a time when she knew that other cars were traveling on the bridge and approaching from the rear. Again there is no comparison between the facts in the case at bar with those in the *Oswald case*. And in the *Sims case* the Appellate Court reversed a $25,000 judgment in favor of the plaintiff and entered a judgment in favor of defendant

notwithstanding the verdict of the jury for plaintiff specifically upon the ground that said plaintiff was guilty of contributory negligence as a matter of law. On appeal to this court, on leave granted by us, we reversed the judgment of the Appellate Court holding it was error for that court to find that under the evidence in the case the plaintiff was guilty of contributory negligence as a matter of law. It was there contended, as here, that plaintiff was contributorily negligent, as a matter of law, in leaving the place of safety where she alighted and proceeding between the streetcars to cross to the east side of the street instead of first crossing to the west sidewalk, and then recrossing to the east side at the intersection. In disposing of that contention we there said: "Courts have reiterated that conduct will be demed contributory negligence as a matter of law where it is of such a nature that reasonable men will not differ in concluding that it exhibited a want of ordinary prudence, or where no other conclusion can reasonably be drawn from the evidence favorable to the plaintiff. (*Stack* v. *East St. Louis and Suburban Railway Co.* 245 Ill. 308.) Defendant's inferences and analysis are not predicated on the evidence favorable to plaintiff as required. As hereinbefore noted, alighting in the middle of the block alongside a lane of moving vehicles which have the right of way is not necessarily a place of safety in which to remain. The traffic presented plaintiff with a danger so that she had to choose between two hazardous routes to get to her destination at the southeast corner of Superior and Clark streets. Plaintiff's choice of crossing between the cars at that point, rather than first risking the traffic to get to the west curb, and then having to recross both tracks and traffic lanes at the narrow passage available for vehicles and pedestrians in the middle of the intersection, since both crosswalks were blocked, cannot be deemed to evidence a want of ordinary care upon which all reasonable

men would agree." *Sims* v. *Chicago Transit Authority,* 4 Ill. 2d 60, 67.

In reaching the conclusion that plaintiff was guilty of contributory negligence as a matter of law the Appellate Court held that plaintiff ignored the only route known by him to be safe; that he selected an unexplored route through weeds and darkness; that he had a choice of routes; that if plaintiff could see where he was walking and failed to look he was guilty of contributory negligence; that if he walked through heavy bushy weeds three feet high in total darkness, he should have known that there was no pathway there and he was equally guilty of contributory negligence; and finally that the presence of the weeds was sufficient warning to any person exercising ordinary care that the area was not used or entitled to be used by pedestrians.

Upon the evidence in the record before us, we cannot agree with these findings. There is no evidence in the record that plaintiff ignored the only route known by him to be safe and selected an unexplored route through weeds and darkness. Nor does the evidence show that he had any choice of routes. There is no evidence in the record showing that any route was safe. Plaintiff had not traversed on foot the lane from the entrance of the parking lot to the place where his car was parked and there was no evidence to indicate that it was safer to travel that lane on foot to reach the bowling alley building than any other lane. In fact, the evidence, taken in its most favorable aspect to plaintiff, showed that this lane was rough and bumpy with holes in it and piles of earth protruding into it from one side, and that when plaintiff drove down that lane upon entering the premises of defendant he had to zigzag his car, and furthermore, it was just as dark over that lane as it was anywhere else in the entire parking lot. The route plaintiff and his four companions chose was the

shortest which led directly to the entrance of the bowling alley and as far as he was able to see, due to insufficient lighting, was as patently safe for foot travel and, perhaps safer, than the route on which he had come by auto.

Nor can we agree with the Appellate Court that the presence of weeds, as a matter of law, was a sufficient warning to plaintiff of the existence of the telephone pole and railroad tie lying obscured on the ground there. The presence of weeds, ranging from 12 inches to 3 feet in height and the presence of grass on the lot in late September was not a sufficient notice to plaintiff, as a matter of law, that lying concealed thereunder was the pole and tie at an angle to each other in which plaintiff's foot was to be caught. It was so dark that plaintiff, although looking where he was going, could not see the pole and tie concealed in the grass and weeds. Plaintiff was a stranger in the parking lot and did not know of the existence of the pole and tie.

We therefore conclude that whether plaintiff had a choice of routes and, if he had, whether he chose a safe route or unsafe route and whether the grass and weeds were a sufficient notice to him of the danger lurking beneath them were all questions of fact which the circuit court properly submitted to the jury for decision.

The question whether a plaintiff has been guilty of contributory negligence is ordinarily and pre-eminently a question of fact, upon which he is entitled to have the finding of a jury. It can become a question of law only when from the undisputed facts all reasonable minds, in the exercise of a fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. *Lasko* v. *Meier,* 394 Ill. 71.

In a number of cases, under facts and circumstances not unlike the facts and circumstances in the case at bar, this court, in *Sims* v. *Chicago Transit Authority,* 4 Ill. 2d 60, and the courts in each of the following cases refused to hold that conduct similar to that of plaintiff herein con-

stituted contributory negligence as a matter of law. *Martin v. Fox West Coast Theatre Corp.* 41 Cal. App. 2d 925, 108 Pac. 2d 29; *Downing* v. *Drybrough,* (Ky.) 249 S.W. 2d 711; *Paepcke* v. *Sears, Roebuck & Co.* 263 Wis. 290, 57 N.W. 2d 352; *McFarland* v. *Sears, Roebuck & Co.* (Mo. App.) 91 S.W. 2d 615; *Acme Markets* v. *Remschel,* 181 Va. 171, 24 S.E. 2d 430; *Zoloth* v. *Wacker-Wabash Corp.* 328 Ill. App. 564.

In *Murphy* v. *Illinois State Trust Co.* 375 Ill. 310, it was contended by the defendant, as it is here, that plaintiff was guilty of contributory negligence as a matter of law because she left the building by a route which defendant claimed was more dangerous to her than the route she took in entering the building. We said in that case that the question of contributory negligence is ordinarily a question of fact for the jury to decide, upon proper instructions. It becomes a question of law when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. In that case we held that under all the facts and circumstances of the case the question of contributory negligence was properly submitted to the jury. Likewise in the case at bar we feel strongly, under the facts and circumstances herein, that the circuit court was entirely correct in submitting to the jury for decision the question of whether or not the plaintiff here was guilty of contributory negligence, and that the Appellate Court committed error when it substituted its judgment for that of the jury and the trial court in reversing the judgment which plaintiff had recovered and directing the entry of a judgment in favor of defendant notwithstanding the verdict of the jury in favor of plaintiff. *Thomas* v. *Buchanan,* 357 Ill. 270; *Pollard* v. *Broadway Central Hotel Corp.* 353 Ill. 312.

It is not the function of the reviewing court to substitute its judgment for that of the jury upon controverted questions of fact. It is fundamental law in our juris-

prudence that all controverted questions of fact, in a jury trial, must be submitted to the jury for decision. This is primarily the exclusive function of the jury, and to withdraw such questions from its consideration is to usurp its function. *Ney* v. *Yellow Cab Co.* 2 Ill. 2d 74.

The judgment of the Appellate Court is reversed, and the cause is remanded to that court with directions to consider the assignment of errors, if any, other than the one we have decided, and thereupon either to affirm the judgment of the trial court or to reverse it and remand the cause for a new trial.

*Reversed and remanded, with directions.*