William H. KING, Plaintiff-Appellant,

v.

Raymond GRIMM and Frank Strunk,
Defendants-Appellees.

No. 13405.

United States Court of Appeals
Seventh Circuit.

March 23, 1962.

**659**

James A. Dooley, Chicago, Ill., Robert E. Kavanaugh, Peoria, Ill., Leonard J. Dunn, Attorney at Law, West Frankfort, Ill., for appellant.

Donald A. Morgan, Davis, Morgan & Witherell, Peoria, Ill., for appellee.

Before DUFFY, KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This is a personal injury action with diversity jurisdiction. Verdict and judgment were for defendant and plaintiff has appealed.

Plaintiff was employed by Libby, McNeill & Libby as a loader of trucks at Libby's Morton, Illinois canning plant. On September 20, 1955 he was loading a truck of defendants Grimm and Strunk, for delivery to a freight car on a nearby railroad siding. The truck, driven by Delmer Habeck, had been backed up an inclined ramp to Libby's loading dock so as to bring the floor of the truck into line with the deck of the dock. When the loading was done, plaintiff put his loading dolly away and walked across the dock to board the rear of the truck. As he stepped from the dock, the truck moved away. He fell to the ramp and was injured.

Defendants, owners of several trucks, had hauled canned produce for Libby, since 1946, during the pumpkin, pea and corn packs. There was no written agreement. Libby's warehouse foreman would call defendants when he needed a truck and driver. In response to a call, defendants had assigned the truck, and Habeck, to Libby, where it was engaged on the day plaintiff was injured. Habeck had been employed part time by defendants in 1954 and 1955.

Libby's foreman had instructed Habeck in the method of approaching the dock, and Habeck was customarily told when the truck was ready to leave the dock. He sometimes assisted in loading, but was not doing so the day plaintiff was injured. When no longer needed during the day at Libby, Habeck would drive the truck back to defendants for their work, hauling freight or garbage. He was paid by defendants.

The vital question is whether the court properly instructed the jury on the "loaned servant" doctrine as applied to the undisputed facts.

Plaintiff contends the court erred in refusing to instruct the jury as a matter of law that Habeck, the truck driver, was "at the time of the occurrence" in defendants' employ. In the light of the Illinois rules hereinafter discussed, and on the facts in this case, we are of the opinion that the court did not err in refusing to give this instruction.

The court did err in giving a peremptory instruction imposing on plaintiff the burden of proving that "at the time of the injury * * * Habeck was not subject to the direction and control of Libby * * * or any of its employees, in the work he was doing." Plaintiff's burden was to prove that "at the time" Habeck was defendants' servant rendering them liable for his alleged negligence. Defendants' theory of proof was that Habeck was Libby's servant, not theirs. The burden of going forward with this proof was theirs, not plaintiff's. Even though Libby or its employees may have had some control and direction over Habeck, this alone would not exculpate defendants in view of the Illinois "wholly subject" and "freed" rules.

The test of the Illinois courts applicable to the case at bar is whether Habeck was, during the service to Libby, "wholly subject" to Libby and "freed" from the direction and control of defendants. Gundich v. Emerson-Comstock Co., 21 Ill.2d 117, 171 N.E.2d 60 (1960); Murphy v. Lindahl, 24 Ill.App.2d 461, 165 N.E.2d 340 (1960); Merlo v. Public Service Co., 381 Ill. 300, 45 N.E.2d 665 (1942).

■ There was error, too, in the instruction that plaintiff had the burden of proving the injury was not "proximately caused" by the negligence of Libby or its employees. His was the positive burden of proving that defendants' negligence was the proximate cause.

The court instructed the jury that the relation of master and servant could not exist *unless* the control of the employee included the power to discharge. Earlier Illinois cases made similar statements. Densby v. Bartlett, 318 Ill. 616, 149 N.E. 591, 42 A.L.R. 1406 (1925); Connolly v. People's Gas Light & Coke Co., 260 Ill. 162, 102 N.E. 1057 (1913). But in Shannon v. Nightingale, 321 Ill. 168, 151 N.E. 573 (1926), defendants, using another's truck and driver, had "no authority to discharge," yet plaintiff's judgment was sustained.

■ The latest expression of the Illinois Supreme Court is to the effect that the right to control includes the power to discharge. Gundich v. Emerson-Comstock Co., 21 Ill.2d 117, 171 N.E.2d 60 (1960). But this case does not hold that as a matter of law if there is a right to discharge, control is shown. That right is but one of the various factors to be considered. The relevant factors in the test include the "question of the hiring, the right to discharge, the manner of direction of the servant, the right to terminate the relationship, and the character of the supervision of the work done." Merlo v. Public Service Co., 381 Ill. 300, 45 N.E.2d 665, 676 (1942). The application of the above test to the case at bar was for the jury. Gundich v. Emerson-Comstock Co., 21 Ill.2d 117, 171 N.E. 2d 60 (1960); Murphy v. Lindahl, 24 Ill.App.2d 461, 165 N.E.2d 340 (1960).

■ The court went on to instruct the jury that the right to refuse to allow the driver "to haul further loads" and "reject" him implied the power to discharge. That language was used in discussing a question of fact in Fransen Const. Co. v. Industrial Commission, 384 Ill. 616, 52 N.E.2d 241 (1943), a workmen's compensation case. In Creek v. Naylor, 309 Ill.App. 601, 33 N.E.2d 740 (1941), cited by defendants, the appellate court approved the trial court's denial of a motion for dismissal by Hall Freight Lines. Hall had engaged a tractor trailer and driver from Naylor to haul a load of freight. Hall afterwards employed the driver in a separate transaction to make some of its collections. While so engaged the driver's negligence injured plaintiffs. The appellate court said it could not be disputed that Hall had power to discharge the driver from the collection employment and that the driver was not a loaned servant for that employment. That case is not applicable. No case is cited by defendants in which the instruction, given in the case at bar, under discussion, was approved.

■ We agree that there was evidence to support an instruction covering Libby's power to reject a driver or to refuse to permit a driver to haul. But the instruction should not have told the jury that that evidence "implies" the "power to discharge." It is for the jury to see what implications, if any, bearing on Libby's power to discharge arise on the evidence, and to draw its inference of the "power."

Reversible error was committed in instructing the jury and plaintiff is entitled to a new trial under proper instructions. We would not be justified, as defendants suggest, in precluding plaintiff from a retrial on the facts in this case on the ground that "substantial justice was done."

On cross-examination plaintiff was asked if he got "adjustment" and "settled" for loss of function of his leg resulting from a prior injury. Plaintiff contends this was prejudicial as referring to money compensation. Defendant at the trial stated the purpose of the questions was not to refer to money but to the function of the leg. On retrial, care should be exercised in any cross-examination of plaintiff about prior injuries. The words "adjustment" and "settled," as used in the trial under review, could mislead the jury.

For the reasons given, the judgment is reversed and the cause remanded.