BARKDULL, Judge.
Appellants, plaintiffs in the trial court, appeal an adverse summary judgment wherein the trial court held, as a matter of law, the defendants were not guilty of negligence in maintaining a parking lot or that the injured plaintiff was guilty of contributory negligence in tripping over a concrete divider placed thereon. We affirm.
The parking lot in question was provided for the patrons of a restaurant and was so arranged that the automobiles were parked at an angle and parallel to each other. The injured party was a passenger seated in the right front seat. Upon alighting from the automobile, she took two steps toward the rear without looking down and apparently fell over the concrete divider or bumper provided for the space to the right of the car from which she had alighted.
The accident occurred in broad daylight; the parking lot was covered with asphalt; the divider was painted yellow; and it is apparent from the photographs that there was sufficient room between the parking spaces for a passenger to have alighted and walked directly to the rear of the car without having to travel into the adjoining parking space and coming into contact with the concrete bumper. It is conceded [and apparent from the photographs] that the concrete bumper over which the injured party tripped did not extend into the parking space wherein the automobile [from which she had alighted] was parked nor the lined area between the parking spaces provided for passage. The condition was open and obvious; was to be expected to be found in a parking lot; and we find no negligence on the part of the defendants in constructing or maintaining the parking lot in question.
*9 Therefore, we affirm the summary judgment here under review, because of non-negligence of the appellees, with no ruling on the alleged contributory negligence of the injured party. See: Becksted v. Riverside Bank of Miami, Fla.1956, 85 So.2d 130, wherein the supreme court affirmed the summary judgment for a defendant bank in an action wherein recovery was sought for injuries sustained by a person while walking across the bank parking lot and stepping on a grating. In this connection, the court said the following:
* * ‡ * * *
“ * * * Even if it be assumed that plaintiff was a business invitee on the bank’s parking lot, it was nonetheless her duty to see that which would be obvious to her upon the ordinary use of her senses and to exercise a reasonable degree of care for her own safety. Bowles v. Elkes Pontiac Co., 1953, Fla., 63 So.2d 769, 772. ‘ * * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises.’ Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368. The drain in question was not a concealed or latent danger, if danger it was. It was plainly visible and could have been seen by plaintiff if she had been looking, and she said that she wasn’t looking.”
* * % ifi >{« %
See also: Murdoch v. City of Jacksonville Beach, Fla.App.1967, 197 So.2d 845, wherein the first district sustained a judgment for a defendant wherein the injured party fell over a raised portion of a sidewalk. In passing, the court said the following:
ij; jj< tfc >fc ‡
“ * * * The step was clearly visible, and a yellow ‘safety stripe’ was painted on the edge of the sidewalk. * * * ”
ifc ‡ ‡ i}í
In other jurisdictions, we find that the maintenance of parking lot dividers or curbs has not been held to be negligence. See: Brooks v. Sears, Roebuck & Co., 302 Mass. 184, 19 N.E.2d 39, wherein the court said the following:
* * >}J * * *
“ * * * It is a matter of common knowledge that similarly constructed curbs exist in parking spaces in this Commonwealth. They are incidental to the ordinary and common construction of such places and are structures the plaintiff should have expected to find in the parking space involved. Cowen v. Kirby, 180 Mass. 504, 506, 62 N.E. 968; Heaney v. Colonial Filling Stations, Inc., 262 Mass. 338, 341, 159 N.E. 916. They facilitate the orderly parking of motor vehicles and tend to prevent collisions. * * * The defendant had a right to assume in the actions of those who frequented its premises ‘the exercise of ordinary circumspection as to their footing.’ Hoyt v. Woodbury, 200 Mass. 343, 345, 86 N.E. 772, 773, 22 L.R.A.,N.S., 730.”
>fs * * ‡ *
Also see: Carmichael v. Timothy, 104 Ga. App. 16, 120 S.E.2d 814, wherein the following is found:
* * * * * *
“ * * * it is clearly shown that the log over which the plaintiff fell was used as an aid in parking vehicles in the parking lot, and that the plaintiff fell over it when walking while she could not see it. Several cases involving similar situations where the plaintiffs have fallen over parking lot dividers have been before this court recently. In Ely v. Barbizon Towers, Inc., 101 Ga.App. 872, 115 S.E.2d 616, this court held that under the allegations of the petition the presence of 4 x 4 timbers placed in such a way as to act as ‘stops’ for automobiles in a parking area did not create an unreasonable risk of harm to the plaintiff. In McHugh v. Trust Co. of Ga., 102 Ga.App. 412, 116 S.E.2d 512, the plaintiff fell over a ‘cement separator’ in the parking lot of the defendant bank. In the McHugh case it was held that the petition did not show a risk of unreasonable danger nor *10 that the defendant could have reasonably-foreseen danger to an invitee on the property; that dividers separating lanes of traffic or setting apart parking spaces or property boundaries or parking lots can be anticipated by persons traversing a parking lot; and that the maintenance of these structures does not constitute negligence. In both the Ely and the Mc-Hugh cases, the injuries sued upon occurred in the daylight hours. Since it has been held that the existence of dividers in parking lots is not negligence in daylight, it would be ridiculous to hold it to be negligence to have them present at night. It follows that there is a duty on the part of parking lot users to anticipate the presence of parking dividers, day or night. See also Mc-Mullen v. Kroger Co., 84 Ga.App. 195, 65 S.E.2d 420.
“Under the authority of these cases cited, the use of a log divider of the type described in the petition would not be negligence. * * * ”
* & * * * *
Also see: Hopkins v. Sefton Fibre Can Company, St. Louis Ct. of App.1965, 390 S.W.2d 907, wherein the following is found:
* * * * * *
“With reasonably adequate illumination the presence of the dividers or ties was readily apparent to any one using the parking lot. The photographs .introduced in evidence, taken on what appears to be an overcast day, show that the dark brown dividers were readily distinguishable from the light gray asphalt surface of the lot. The condition was open and obvious, more so, in our opinion, than that in Wilkins v. Allied Stores of Missouri, supra [Mo., 308 S.W.2d 623] where the court held that the evidence was insufficient to show negligence on the part of the defendant.
“There is nothing unusual about the use of dividers, ties or bumpers on parking lots to designate and divide the area in which automobiles are to be parked in orderly rows. As was said in Brooks v. Sears, Roebuck & Co., 302 Mass. 184, 19 N.E.2d 39, 41: ‘ * * * It is a matter of common knowledge that similarly constructed curbs exist in parking spaces in this Commonwealth. They are incidental to the ordinary and common construction of such places and are structures the plaintiff should have expected to find in the parking space involved. Cowen v. Kirby, 180 Mass. 504, 506, 62 N.E. 968; Heaney v. Colonial Filling Stations, Inc., 262 Mass. 338, 341, 159 N.E. 916. They facilitate the orderly parking of motor vehicles and tend to prevent collisions. * * * ’ Nor are such dividers inherently dangerous or unsafe obstructions. On that point it was stated in Downing v. Drybrough, Ct.App.Ky., 249 S.W.2d 711, 712, ‘The appellee insists that the division strip was not a dangerous or unsafe obstruction. We agree that it was not of itself dangerous or unsafe. It is common knowledge that many parking lots are so constructed and that people use them without injury or inconvenience. ‡ ‡ % > >>
Affirmed.