MAGER, Judge
(dissenting):
As Chief Justice Roberts pointed out in Becksted v. Riverside Bank of Miami, Fla.1956, 85 So.2d 130, “the duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises.” See also Aaron v. Logro Corp., Fla.App.1969, 226 So.2d 8. In my view this principle is particularly applicable to the facts and circumstances in the case sub judice. The track extending across the width of the doorway floor of the newsstand in question was not a concealed or latent danger and was plainly visible and could have been seen by the plaintiff if she had been looking. The evidence in the record supports the conclusion that plaintiff’s conduct amounted to contributory negligence as a matter of law. The so-called “distraction doctrine” which has the effect of converting plaintiff’s contributory negligence from one of a matter of law to one of fact for the jury is simply not ap *101 plicable for the reasons ably set forth by this court in Allied Business Association v. Saling, Fla.App.1969, 227 So.2d 712. I would affirm the judgment of the trial court on the basis of the reasoning and authorities hereinabove set forth.