SHAUN MARSHALL, Plaintiff-Appellant, v. DAVID'S FOOD STORE *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—2494

Opinion filed May 29, 1987.—Rehearing denied November 10, 1987.

Claudia Oney, P.C., of Chicago (Jeffrey D. Hupert, of counsel), for appellant.

Vincent P. Cook and Paul S. Festenstein, both of Condon, Cook & Roche, of Chicago, for appellee A & R Security, Inc.

David R. Barry, Jr., and Wildman, Harrold, Allen & Dixon, both of Chicago, for appellee David's Food Store.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Shaun Marshall, appeals from an order which granted the motion of the defendants, David's Food Store and A & R Security,

to dismiss plaintiff's complaint for failure to state a cause of action. Ill. Rev. Stat. 1985, ch. 110, par. 2—615.

On September 9, 1982, plaintiff parked her car in an adjacent parking lot provided for customers of David's Food Store, located at 7256 South Exchange Avenue in Chicago, Illinois. Plaintiff entered David's Food Store and purchased groceries. When plaintiff returned to her car she was accosted by three men, who at gunpoint forced her into her car and drove to another location where the men sexually assaulted her.

Plaintiff filed a complaint against David's Food Store and A & R Security, an independent security service hired by David's to provide security at the store and parking lot. Plaintiff's complaint alleged, *inter alia*, that David's had a duty to exercise reasonable care to keep the parking lot safe for plaintiff and other invitees and that David's knew or should have known that it was reasonably foreseeable for a criminal attack to occur in the parking lot. Plaintiff alleged that the specific instances which gave rise to the notice were set forth in the attached exhibit A, which was incorporated by reference in her complaint. Exhibit A listed 14 instances of reported criminal activity which had occurred within two blocks of the store and parking lot between May and September 1982, all within the five months before plaintiff was attacked. Plaintiff also stated in exhibit A that the list was not meant to be exclusive and that further investigation and discovery would probably reveal more evidence of notice.

Defendants moved to dismiss the complaint for failure to state a cause of action on the grounds that the complaint did not sufficiently allege that defendants had notice that the area was dangerous and that people had been victims of criminal offense in the area. The trial court granted the motion to dismiss on the ground that plaintiff's complaint failed to allege sufficient facts to establish notice that defendants knew or should have known that it was reasonably foreseeable that a criminal attack might occur in the parking lot. The trial court stated that: "The mere fact that there has been criminal activity in the surrounding area is not enough to place the individual proprietor on notice."

■ The trial court erroneously ruled that plaintiff had to set forth detailed evidence of notice in her complaint. Plaintiff alleged in her complaint that both defendants "knew or should have known" that it was reasonably foreseeable that a customer might be attacked in the parking lot. A defendant who has actual or constructive notice of a potentially dangerous condition has a duty to take reasonable precautions to protect its invitees. See *Geraghty v. Burr Oak Lanes,*

*Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47; *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497; *Yangas v. Charlie Club, Inc.* (1983), 113 Ill. App. 3d 398, 447 N.E.2d 484.

In the instant case, plaintiff pleaded that one or both of the defendants had actual or constructive notice of potential danger in the parking lot, that they knew or should have known of a likelihood of harm being done an invitee there. Plaintiff properly pleaded this fact and, at the request of the trial court, presented evidence which could have indicated that defendants had constructive notice.

The plaintiff relies on *Doner v. Phoenix Joint Stock & Bank* (1942), 381 Ill. 106, 45 N.E.2d 20, to support her contention that Illinois courts have recognized notice as being that form of awareness as delineated in plaintiff's exhibit A and have held that an allegation that a defendant knew is a sufficiently specific allegation to support a complaint. The plaintiff in *Doner* sought to have a constructive trust declared with regard to certain real estate. The plaintiff alleged that particular defendants had defrauded him of his right to redeem and that the defendants conveyed the property to other defendants who knew and were charged with the notice of plaintiff's rights when they accepted the conveyances. The defendants filed a motion to dismiss alleging that the complaint did not allege sufficient facts of notice. The trial court granted the motion to dismiss. The supreme court reversed and held the complaint sufficient, stating:

> "The allegation that each of the defendants, at and before the time they acquired their aforesaid purported conveyances *** knew of the rights of the plaintiff *** and were charged with notice of said rights, was an allegation of ultimate fact and not a conclusion, as argued by appellee." 381 Ill. 106, 115.

■ It is settled in Illinois that a plaintiff is required to set forth such factual information as reasonably informs the opposite party of the nature of the claim. (*Kita v. YMCA* (1964), 47 Ill. App. 2d 409, 418, 198 N.E.2d 174.) It is not required that plaintiff allege facts which, to a much greater degree of exactitude, are more within the knowledge of a defendant. (See *Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405, 461 N.E.2d 616.) In the instant case, the defendants are clearly in the best position to know what prior criminal activity occurred in or around the store. The defendant David's Food Store owned and operated the store and hired the defendant A & R Security to provide security and protection to David's customers, from which it can be inferred that the defendants had notice of the potential danger in David's parking lot.

■ Defendant A & R Security contended in the motion to dismiss

502

that it owed no duty to the plaintiff. In *Pippin v. Chicago Housing Authority* (1978), 58 Ill. App. 3d 1029, 374 N.E.2d 1055, the defendant housing authority hired a security service to protect property owned and operated by the housing authority. Plaintiff was visiting that property as a social guest when he was struck down by a criminal attack. The circuit court of Cook County granted summary judgment for the defendants. This court reversed, and the supreme court upheld the reversal, holding that the security service assumed the duty of protecting those persons lawfully on the authority's premises and that it was for the trier of fact to determine if that duty was breached. A & R Security assumed a duty to exercise reasonable care in protecting the customers of David's Food Store by reason of their employment by David's Store. Whether A & R Security breached that duty is a question for the trier of fact.

The allegations in the complaint contained sufficient facts to withstand the motion to dismiss. We reverse the judgment of the trial court and remand for further proceedings.

Reversed and remanded.

SULLIVAN, P.J., and LORENZ, J., concur.