YVONNE FERRARA vs. CARLISLE HARDWARE COMPANY.

Hampden.    September 22, 1955. — November 8, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Opinion.  *Negligence,* Store.

A nonexpert witness properly was not permitted to give his opinion "as to what had caused this accumulation of wax" on the floor of a store on which a customer fell and was injured where there was no evidence that any substance on the floor was wax or that there was an accumulation of any substance on the floor.   [222]

Instructions to the jury that a customer in a store cannot recover from its proprietor for personal injuries resulting from permanent conditions "obvious to the person of ordinary intelligence using his senses" were proper in an action by a customer injured through slipping and falling on a slippery, highly polished floor.   [222]

TORT.    Writ in the Superior Court dated March 9, 1951. The action was tried before *Broadhurst, J.*

In this court the case was submitted on briefs.

*Albin Anderson, Jr.,* for the plaintiff.

*Ralph S. Spooner & Arthur E. Quimby,* for the defendant.

COUNIHAN, J.    This is an action of tort for injuries sustained by the plaintiff as the result of a fall in the defendant's store, alleged to have been caused by the defective condition of a floor therein.   The action was tried to a jury who returned a verdict for the defendant.   Both parties claimed exceptions.   A consolidated bill of exceptions was allowed by the judge but through inadvertence the parties failed to perfect their exceptions.   At the request of the parties and to preserve their rights the judge reported the case, incorporating in the report the consolidated bill of exceptions.   G. L. (Ter. Ed.) c. 231, § 111.

The exceptions of the plaintiff relate to the exclusion of a question put to the husband of the plaintiff on direct examination and to a portion of the judge's charge.   The de-

fendant excepted to the denial of its motion for a directed verdict. Because of what shall hereinafter appear we do not consider the exception of the defendant.

The evidence in so far as it relates to the exceptions was undisputed and may be summarized as follows: On the day of the accident the plaintiff with her husband and child went to the store of the defendant. She was a business invitee. She stopped at a counter and looked at some things. As she left the counter she fell and sustained injury. After she got up she saw two heel marks on the floor which was covered with linoleum or rubber squares. It was shiny and slippery. There was a substance on the squares which was "either heavy wax or some similar substance . . . 'there was enough so that my heel marks, big — took in enough to show them very plainly.'" Later she revisited the store and observed that "the floor slopes downward in this direction, in the direction that I fell down." Her husband testified that he observed two skid marks "in wax or whatever it was" about a thirty-second of an inch deep, and that the floor sloped about two inches from the center of the counter down to the end. It was highly polished. An expert for the plaintiff testified that the floor sloped about an inch and a quarter in twenty-seven inches, "that is roughly five-eighths of an inch to a foot."

In direct examination the husband was asked, "Did you form an opinion as to what had caused this accumulation of wax?" Upon objection by the defendant the plaintiff made an offer of proof in the following manner: "The question is, did you have an opinion as to what caused this accumulation of wax or other substance, and I expect that the answer will be yes and the next question then would be, what is your opinion and the expected answer is that there had been successive applications of wax which had not been completely removed by polishing, by burnishing or rubbing. That is in line with a case of the Supreme Court." The judge excluded the question subject to the exception of the plaintiff. The plaintiff also excepted to that part of the judge's charge in which he said in substance that a customer assumes the risk

of any obvious defective condition in the store. There is no merit to either of the plaintiff's exceptions.

The excluded question sought an opinion as to the cause of the accumulation of wax on the floor. But there was no evidence that the substance on the floor was wax nor was there any evidence of an accumulation of any substance on the floor. Moreover, the witness was not qualified as an expert. See *Bickford* v. *Boston Elevated Railway*, 296 Mass. 580. The plaintiff relies on *Crafts* v. *McCobb*, 303 Mass. 172. That case, however, is clearly distinguishable. There a factual background was laid for the questions in that the witness first testified to his observations as to the physical condition of an area of land which caused an unnatural accumulation of ice on a sidewalk, adjoining the land, and his conclusion was plainly the result of his observations which he described in great detail.

There was likewise no error in that portion of the charge about which the plaintiff complains. What the judge said in his charge on this aspect of the case is as follows: "I might say the plaintiff's own conduct has to be considered. She is bound to use that care for her own safety which the reasonable, careful, prudent person would use on that floor. If the conditions are perfectly obvious to a person of ordinary intelligence she can't complain if she is injured by those conditions, if they were of a permanent nature. A person assumes the risk of being injured by conditions of a permanent nature if they are perfectly obvious, if he uses his intelligence and senses. If anything in the way of a hidden defect makes the place dangerous, the person injured by it isn't bound by the fact that it was there. It is only when these [are] obvious conditions, obvious to the person of ordinary intelligence using his senses, that he would not be entitled to recover if he was injured, . . . [even] though such condition was what caused him to fall." *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. *Kelley* v. *Goldberg*, 288 Mass. 79, 81. *Rynn* v. *Fox-New England Theatres, Inc.* 299 Mass. 258, 259. *McGuire* v. *Valley Arena Inc.* 299 Mass. 351, 352. *O'Hanley* v. *Nor-*

*wood*, 315 Mass. 440, 442.  *Flanders* v. *Pailey*, 320 Mass. 744, 745.

The charge of the judge was adequate and accurate and in the circumstances of the case eminently fair to the plaintiff.  *Mulkern* v. *Eastern Steamship Lines, Inc.* 307 Mass. 609, 610.                              *Judgment for the defendant.*