ALGIRDAS VALUNAS *vs.* J. J. NEWBERRY CO., INC.

Worcester.    September 23, 1957. — November 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Negligence,* Store, Door.

A finding of negligence on the part of the proprietor of a store toward a
boy accompanying a customer in the store was not warranted by evi-
dence of the circumstances in which the boy, in leaving the store, was
injured when he came in contact with a glass panel, enclosed in a
metal frame, at the hinged side of one of a set of swinging outside
glass doors similarly enclosed.

TORT.    Writ in the Central District Court of Worcester
dated May 17, 1952.

Upon removal to the Superior Court the action was tried
before *Cahill,* J.

*Sumner W. Elton,* for the plaintiff.

*Philip J. MacCarthy,* for the defendant.

RONAN, J.    This is an exception to the direction of a
verdict for the defendant in an action of tort to recover
damages for injuries sustained by the plaintiff, a boy thir-
teen years of age, while leaving the defendant's store.

The outer entrance to the defendant's store consisted of
glass doors, each about ten feet high and three feet wide,
which swung outward toward the street.    Each was enclosed
in a metal frame.    Immediately adjacent to the hinged side
of the door to the plaintiff's right as he was leaving was a
glass panel, one and one half feet wide, which occupied the
space between the hinged side of the door and the inside of
the building.    The glass panel was also enclosed in a metal
frame.    The panel did not have any lock or lettering upon
it.    Inside the outer set of doors and about four feet dis-
tant was a similar set of doors except that these doors swung

both outward and inward. It was a sunny day at the time of the accident and each set of doors was held in an open position at the time of the accident.

A few minutes after the plaintiff entered the store with his mother, he heard the approach of fire engines. He left her, went through the inner set of doors, and continued toward the outer entrance until he came in contact with the glass panel on his right and was injured. As he walked toward the entrance he did not pay much attention to the doors as the sun was blinding him.

The care which a storekeeper must exercise toward a customer whom he invites upon his premises to trade with him has been frequently stated by the court and need not be repeated, *Kelley* v. *Goldberg,* 288 Mass. 79, 81, *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 705; and the same duty is owed to a minor accompanying an adult customer. *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544. *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189.

Here the location and construction of the doors and panels were plain and obvious and called for no warning from the defendant. *O'Hanley* v. *Norwood,* 315 Mass. 440. *Griffin* v. *Fletcher Hardware Co. Inc.* 327 Mass. 235. *Ferrara* v. *Carlisle Hardware Co.* 333 Mass. 220. The case in its salient facts is substantially similar to *Rosenberg* v. *Hartman,* 313 Mass. 54, and is governed by it.

*Exceptions overruled.*