MATTHEW W. GLENNON *vs.* THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

NOVEMBER 13, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

114

PAOLINO, J. This is an action of trespass on the case for negligence to recover damages for personal injuries. It was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff for $10,000. The case is before us on the defendant's exceptions to the denial of its motions for a directed verdict and a new trial and to certain portions of the charge to the jury.

It appears from the evidence that defendant operates a retail food store in Apponaug, in this state, and that on December 31, 1955 plaintiff, who was on defendant's premises as a business invitee, sustained injuries as a result of a fall while leaving its store. It further appears that defendant's building is set back some distance from the street with a parking area on all sides; that at the northwest corner of the building there is a covered areaway measuring approximately 10 by 10 feet with access thereto from the front and side; and that for the use of the customers there are two doors, one marked "In" and the other marked "Out," leading from the store to the covered areaway. It appears from the photographs which are in evidence that the doors face the area opposite the side of the building and

that the "In" door is located close to the front wall of the building.

There is a concrete sidewalk along the entire front of the building and between this sidewalk and the building, except in front of the covered areaway, defendant had planted shrubs. This planted area was separated from the sidewalk by a concrete wall or curb about 2½ to 4 inches high which was some 29 to 30 inches from the front wall of the building. This wall or curb ran parallel to the building along the entire length of the planted area, turned at a right angle at the front entrance to the covered areaway, and extended to the front wall of the building at that point. In other words the planted area and the low concrete wall surrounding it extended out about 29 to 30 inches from the front wall of the building along the entire front except for the space in front of the covered areaway.

The plaintiff testified that at about 3 p.m. on the day in question he and his wife drove to defendant's store to purchase groceries; that they parked their car to the right center of the building so that it would be facing the entrance; that they were about 12 feet away from the building and parallel to it; and that they then left the car and walked on the sidewalk through the covered entrance and into the store through the door marked "In".

He also testified that after purchasing some groceries they left the store through the door marked "Out"; that he was following his wife; that he was carrying the groceries in two bags, the tops of which came to a couple of inches below his chin; that after he came out of the exit door he turned left and proceeded about 8 to 10 feet; that as he came to the edge of the building he stepped to one side to make room for a lady who was walking toward him; that he did not look where he was stepping; and that as he made another left turn his left foot hit the low concrete wall causing him to fall and land on his back.

He further testified that because of the bags he was carrying he could not see directly in front of him, but that he could see beyond three feet. He admitted that his wife went around the wall in question with no trouble. The accident occurred in midafternoon. There is nothing in the record indicating that it was dark or that the weather was bad with respect to visibility. Although plaintiff testified that he had been in the store only on one prior occasion about a year before when he used the side entrance, he admitted under cross-examination that on the day of the accident he had walked around the low concrete wall on his way into the store and that he knew he would have to walk around it to return to his car. He also testified in cross-examination that, when he was checking out, one of defendant's employees offered to carry the bundles out to his car for him.

The pertinent allegations in the first count are that defendant maintained certain ways of entrance and exit to its store for the use of its customers; that it was defendant's duty to use due care in providing such ways in a proper and safe condition; and that defendant breached said duty in that it "allowed a dangerous condition to exist upon and along said ways, to wit; a low wall, and the defendant knew of the existence of said dangerous condition."

In the second count the plaintiff alleges in substance that it was defendant's duty "to take reasonable precautions, well knowing that customers would proceed along said ways carrying bundles and be prevented from seeing said retaining wall, so that persons carrying said bundles, in the exercise of due care, would not trip or fall on said wall"; and that defendant breached said duty in that it "failed to take precautions to safeguard its customers from injury."

Under its first exception defendant contends that the trial justice erred in denying its motion for a directed verdict on each count of plaintiff's declaration. It bases this contention on the ground that there was no evidence in the

record from which the jury could find negligence on either count.

After carefully reviewing the evidence in a light most favorable to plaintiff, we are constrained to hold that there is no evidence in the record before us from which the jury could find any act of negligence on the part of defendant. The first count alleges in substance that the wall in question was dangerous. But there is a complete failure of evidence to support such allegation. The testimony describing the location and construction of the wall discloses nothing unusual. The same can be said of the photographs which are in evidence. There is no evidence that the wall was not in good repair or that it was concealed and not visible to customers. In fact plaintiff admitted in cross-examination that the low wall was perfectly visible.

On the basis of the record before us we are compelled to conclude as a matter of law that there is no evidence to support a finding that the wall was dangerous or that it was negligently constructed or maintained. In our opinion, therefore, the trial justice erred in denying defendant's motion to direct a verdict on the first count. See *Brooks* v. *Sears, Roebuck & Co.*, 302 Mass. 184, and *Valunas* v. *J. J. Newberry Co.*, 336 Mass. 305.

Under the second count plaintiff apparently argues that due to the close proximity of the wall to the ways of ingress and egress defendant was in duty bound to guard against falls by customers carrying bundles. As we have already stated, plaintiff's testimony is in substance that his vision was blocked by the bags he was carrying so that he was unable to see directly in front of him. On the view which we have taken with respect to the first count, it follows that defendant was under no duty to warn plaintiff of the existence of the wall in the location, construction and maintenance of which we have already noted defendant was free of negligence. For these reasons it is our opinion that the trial justice erred in denying defendant's motion for a di-

rected verdict on the second count. See *Seal* v. *Safeway Stores, Inc.,* 48 N. M. 200.

The plaintiff cites *Seamans* v. *Fitzpatrick,* 63 R. I. 37, and *Solomon* v. *Alps Kandy Shoppe, Inc.,* 14 N. J. Misc. 178, to support his position. We have examined these cases and we do not disagree with the law enunciated therein. However, they appear to be distinguishable factually from the case at bar and therefore are not applicable to the issues in the instant case.

The plaintiff has referred to certain language in our decision in the prior appeal of this case. See *Glennon* v. *The Great Atlantic & Pacific Tea Co.,* 87 R. I. 454, 143 A.2d 282. In his brief he states that in that opinion "The Court said, in effect, that the jury could determine, without the help of an expert, that the wall was a hazard." This is erroneous.

The posture in which the case is now presented is substantially different. On the prior appeal this court remitted the case for a new trial on the ground that the trial justice had committed prejudicial error in permitting an expert to give his opinion that the location of the wall and defendant's failure to furnish certain safeguards around the wall created a hazardous condition at the store exit.

In the former trial such evidence although erroneously admitted was in the record, and under our practice the trial justice was powerless to correct his own error of law. As a result, that evidence could have been relied upon by the jury to support their finding of negligence. The ruling admitting such evidence became the law of the case and the jury was bound to follow it. In considering the motion for a directed verdict the trial justice was compelled to deny the same because of the presence of that opinion testimony. Nor could he correct the error on the motion for a new trial. However, on review we held that the admission of such testimony constituted prejudicial error for the reasons set

forth in our opinion. Therefore we were constrained to remit the case for a new trial. We did not pass on the evidence other than to determine the prejudicial nature of the opinion testimony and we did not say, directly or by implication, that on the basis of that record the jury could determine, without the help of an expert, whether the defendant was negligent.

We are not now confronted with the same situation. On the record before us there is a complete failure of evidence of negligence on both counts. In view of this disposition of the question of defendant's negligence, it is unnecessary to consider its remaining exceptions.

The defendant's exception to the denial of its motion for a directed verdict is sustained, and on November 20, 1959 the plaintiff may appear before this court to show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

### On Show Cause Hearing.

#### FEBRUARY 12, 1960.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

Upon consideration we are of the opinion that no sufficient cause has been shown to change our conclusion, and the case is remitted to the superior court for entry of judgment for the defendant in accordance with the original opinion.

*Joseph A. Kelly, James P. Quirk,* for plaintiff.

*Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman,* for defendant.