Henry ROSENBLATT, Plaintiff,

v.

UNITED STATES of America
and
Gertrude W. Poliwczak, Defendants.

Civ. A. No. 61–361.

United States District Court
D. Massachusetts.

Feb. 28, 1963.

Louis Kerlinsky, Springfield, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John J. Curtin, Jr., Asst. U. S. Atty., Thomas Morse, Jr., Parker, Coulter, Dale & White, Boston, Mass., for defendants.

CAFFREY, District Judge.

This is an action brought under the Federal Tort Claims Act. Plaintiff, Henry Rosenblatt, seeks to recover money damages on account of injuries allegedly sustained by him at the Forest Park Station, a substation of the Springfield, Massachusetts, Post Office. He alleges that his injuries were caused by a collision between himself and a fixed glass panel adjoining the door of the Forest Park Station, and that the collision was caused by the failure of the Post Office Department to give sufficient notice that the panel was immovable; because the panel was constructed of "breakable" glass; and because the construction was such as to cause the panel to be readily mistaken for a movable door.

The complaint also charged the owner of the building, who leased it to the United States, with negligence similar to that described above.

The defendants denied liability and pleaded contributory negligence.

After a trial, I find that the entrance to the Forest Park Station contains two aluminum-framed glass doors, each approximately 40″ wide. I find that on the day of the accident in question, one door was plainly marked IN and the other door was plainly marked OUT; and that each door has an aluminum "push bar," which extends horizontally the full width of each door, located about half way from the ground to the top of the door. I also find that each door has above it a

plainly visible door-check, each door has a plainly visible lock, and each door contains a handle on one side. I find that there are stationary glass panels respectively located to the right and left of the two doors and that the glass panels are the same height as the doors but are only 24″ in width. The panels appear to be substantially narrower than the doors.

 Plaintiff called three "experts" in support of his contention that the premises were negligently constructed or maintained. The first so-called expert, who admitted that he had no training in the field of glass or glass doors, and whose experience consisted solely of reading releases issued by the National Safety Council, was ruled not a qualified expert to express an opinion on the subject.

Both the other experts testified, and I find, that the installation in question was a "normal" installation for the Springfield area. One of them, with eight years experience in the glass business, expressed the opinion that the glass installation, though normal, was not safe. However, Abraham Buckheim, plaintiff's expert with 38 years experience in the glass business, testified that not only was the installation normal but that in his opinion it was safe. I find and rule that the more experienced expert, Mr. Buckheim, who testified that the installation was normal and safe, was the more credible of the two expert witnesses and I accept his testimony. On this state of the record I find and rule that plaintiff has failed to satisfy his burden of proof by a preponderance of the evidence, and find that there was neither negligent construction nor negligent maintenance of the premises.

There is a second reason why plaintiff cannot prevail herein. On his own testimony, I find that he did not look for or observe push-bars, handles, hinges, door-checks, or any other indicia which would furnish him with an objective basis for believing the panel to be a door. Having in mind that a witness called by the Government testified that after the accident the plaintiff admitted that he was in a hurry to get out, I find and rule that on the day in question plaintiff, after transacting his business in the Post Office, hastened in the general direction of the door, did not bother to look attentively at the door or the glass panels on either side of the doors, and in a hurried manner simply pushed with considerable force against the rigid panel which shattered from the force of the impact. Plaintiff's own expert, Mr. Buckheim, testified, "People will walk into anything, people will walk into unbelievable things." I find that plaintiff was contributorily negligent. Valunas v. J. J. Newberry Co., Inc., 336 Mass. 305, 306, 145 N.E.2d 685 (1957).

Judgment for the defendants.