This certifies that this is the opinion of the Appellate Division in this cause.

**Patricia D. Miller, Clerk**

**Audrey H. LACHANT & another,**[1]
co-executrixes

vs.

**Harry S. PATTEN**

vs.

**George M. KLEMM & another**[2]
and a companion case[3]

**No. 280**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**July 24, 1981**

---

[1] M. Rita Ebersman

[2] Carole E. Klemm

[3] Dean T. Mertrude, Administrator vs. Harry S. Patten vs. George M. Klemm and Carole E. Klemm, appellate division number 281.

**Ronald E. Oliveira,** Counsel for third party plaintiff

**Robert I. Manuel,** Counsel for third party defendants

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon report from the Northern Berkshire Division.

It is hereby

ORDERED: That the Clerk of the Northern Berkshire Division make the following entry in said case on the docket of said Court, namely: There being no error, report dismissed.

**July 24, 1981**

Opinion filed herewith.

**Robert E. Fein, Clerk**

**William T. Walsh, Justice**
**Mel L. Greenberg, Justice**
**Allan McGuane, Justice**

### OPINION

**McGuane, J.** These actions were commenced in the District Court Department, Northern Berkshire Division, sitting at Williamstown. The plaintiffs sought to recover the balances due on promissory notes. The defendant and third-party plaintiff, Patten, by way of third-party complaint sought indemnification from the third-party defendants, Klemm, alleging that by contract they had agreed to hold him harmless. Klemm denied responsibility for such indemnification, alleging a breach of said contract by Patten. The cases were consolidated for trial and the trial court found for the plaintiffs but did not find Klemm to be fully responsible for the indemnification of Patten. Patten does not dispute the findings against him in favor of the plaintiffs[4], but claims the trial judge was in error in that the findings in his favor were inadequate on the third-party complaints.

The pertinent evidence is briefly summarized. On July 2, 1973, Patten purchased from the plaintiff's all of the outstanding stock of Economy Auto Stores, Inc. and made a down payment of $23,600.00. A financial statement of the corporation disclosed that as of June 30, 1973 the assets of the corporation included

---

[4] The plaintiffs and defendant had reached a settlement subsequent to the filing of this report and prior to oral argument.

$37,000.00 in cash in a checking account. In making the down payment, Patten withdrew from the corporate checking account the sum of $23,600.00 at the time of closing on July 2, 1973.

Patten acquired the business for purpose of resale. By agreement dated July 24, 1973, Patten conveyed to Klemm all of his interest in the corporation including all of the assets purchased by Patten from the plaintiffs. Patten testified that Klemm was aware of the fact that the $37,000.00 was not in the corporate checking account prior to purchase. Klemm testified he was not aware of this fact until after the purchase when he went to the bank to change signature cards sometime between July 26, 1973 and August 8, 1973.

The trial judge made extensive findings of fact including the following: that on July 2, 1973, Patten took possession of the assets and corporate stock of the Economy Auto Stores, Inc.; that the assets of the corporation contained about $37,000.00 in its checking account on said date and later on that date Patten reduced the account by $23,600.00 for non-operational business reasons; that Patten and a broker brought the business enterprise to the attention of Klemm and presented him with financial statements regarding same on or about June 30, 1973, indicating therein checking account assets of about $37,000.00; that Klemm by the agreement dated July 24, 1973 purchased all the assets and rights "without exception" purchased by Patten from the plaintiffs; that the assets of the corporation (property of the corporation represented by its stock) as of July 24, 1973 were about $37,000.00 less than the value of all its assets that existed on July 2, 1973, when all of the corporate stock was purchased by Patten from the plaintiffs; that a week or two after July 24, 1973, Klemm learned that said sum of about $37,000.00 was not in the corporate checking account, and that since the sum of $23,600.00 was taken for non-

operational business reasons, this was a breach of the agreement between Patten and Klemm. Thereafter, the judge's findings in the third-party complaints, although in favor of Patten, reflected a credit to Klemm of the $23,600.00.

The draft report was initially dismissed by the trial justice for the reason that it failed to "properly present any question of law for appellate consideration, review and resolution." Then the defendant filed a draft report on the dismissal and same was disallowed by the trial judge. Thereafter, upon the proper filing of a petition to establish report, same was established in accordance with Dist./Mun. Cts. R. Civ. P. 64(e).

The only argument raised in defendant's brief questions the trial judge's ultimate finding that Patten breached his agreement with Klemm by failing to transfer the $23,600.00 that had been in the checking account. Simply stated, the question is whether the findings of fact were clearly erroneous. See Dist./Mun. Cts. R. Civ. P. 52(a). There was no error.

The judge's findings of fact will not be disturbed if they can be sustained on any reasonable view of the evidence. **Barttro v. Watertown Square Theatre, Inc.,** 309 Mass. 223, 224 (1941). The trial judge's findings are conclusive if there was any evidence to support them. **Scire v. Scire,** 348 Mass. 768 (1964). **Piekos v. Bachand,** 333 Mass. 211, 213 (1955). We think on the evidence reported that the trial judge was warranted in finding that Patten breached his agreement with Klemm in failing to transfer the entire checking account as he received it.

The report is ordered dismissed.

**Allan McGuane, J.**
**William T. Walsh, P.J.**
**Mel L. Greenberg, J.**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein**
**Clerk**