Silva, J.
This is a petition to establish a report which was disallowed as not conformable to the facts. Judgment entered for the plaintiff and the defendant being aggrieved by the denial of certain requests for rulings filed a draft report, which sought to have included therein the following: At the trial there was evidence tending to show;.. .“as she was carefully exiting the front door... ”.
At a hearing on the draft report, settlement became impossible as the defendant insisted that the word “carefully” be included in the report. A draft report is submitted to the trial judge as a suggested form of report. Once it is settled it becomes a report of the trial justice. Sullivan v. Aussebol, 39 Mass. App. Dec. 222 (1968). He has a right to insert in it what he deems material to a full and true statement of the point of law involved. Kelly v. Foley, 284 Mass. 503, 509 (1933).
Whether or not the plaintiff exited carefully is a question of fact and its inclusion or exclusion lies within the sound discretion of the trial justice. The judge’s findings of fact will not be disturbed if they can be sustained on any reasonable view of the *199 evidence. The trial judge’s findings are conclusive if there was any evidence to support them. Lachant v. Patten, 1981 Mass. App. Div. 155, 156. Conversely, thetrial judge can delete that which he deems immaterial or might lead to an inconsistent finding.
Were the report properly before us, with or without the word “carefully”, Request No. 7 was properly denied as a request as a finding of fact. This would leave Request No. 8 which stated “the defendant is entitled to a verdict in her favor”. Such requests are in effect requests for a directed finding and are never granted where there is conflicting evidence. The fact that the parties could not agree on whether the plaintiff was careful as she exited is some indication of conflicting evidence.
This petition must be denied for the fundamental reason that it discloses no question of law which would be presented for review even if we were to establish a report as urged by the petitioner. Sea Street Auto Body Inc. v. Mullis, 55 Mass. App. Dec. 142, 145.