Haskell **RUSSIAN**

v.

**LIFE–CAP TIRE SERVICES, INC., et al.**

**No. 90–404–Appeal.**

Supreme Court of Rhode Island.

May 18, 1992.

Paul V. Gallogly, Lovett, Schfrin, Gallogly & Harnett, Carolyn Mannis, Adler, Pollock & Sheehan, Annette B. Elseth, Lovett, Schfrin, Gallogly & Harnett, Providence, for plaintiff.

Thomas Dickinson, Mary E. Rogers, Law Offices of Kevin Cain, Providence, for defendant.

## OPINION

MURRAY, Justice.

This matter is before the court on the plaintiff's appeal from a Superior Court order granting the defendants' motion for summary judgment. The facts and travel of the case are as follows.

On July 25, 1986, plaintiff, Haskell Russian, fell on the premises of defendant Life–Cap Tire Services, Inc. (Life–Cap), a Rhode Island corporation in the business of selling and installing automobile and truck tires. On the day of the injury plaintiff drove to Life–Cap to replace the rear tires on his truck. He purchased two tires from the sales attendant and parked his truck in the outdoor service area located in the parking lot adjacent to the main shop. Life–Cap regularly used this area for business overflow and to service large vehicles.

The plaintiff remained in the service area while two Life–Cap employees, David Cardoza (Cardoza) and John Kimbrough (Kimbrough), worked on his truck. The two men jacked up the truck, using long-handled jacks, and removed the tires. Cardoza then took one of the tires into the building for further work while Kimbrough continued servicing the vehicle. After Cardoza left, plaintiff began walking around the truck and fell. Kimbrough did not witness the fall but discovered plaintiff lying face down on the ground near the front of the truck. Kimbrough immediately notified Cardoza and Life–Cap's owner about the accident. A third employee, Lou Harry, called the rescue squad, and plaintiff was taken to the hospital. As a result of injuries sustained in the fall, plaintiff is a quadriplegic.

On October 24, 1986, plaintiff commenced an action in tort in Providence Superior Court against Life–Cap and Narragansett Electric Co. (Narragansett Electric), the lessor of the premises. The complaint alleged that Life–Cap was under a duty of care to plaintiff to maintain its business premises in a safe condition or under a duty to warn plaintiff of the unsafe condition. The complaint further alleged that Life–Cap's breach of this duty caused plaintiff's injury. The complaint's second count alleged that Narragansett Electric, as lessor of the premises, knew or should have known of the unsafe condition and that Narragansett Electric's breach of this duty caused plaintiff's injury.

Discovery was delayed because of plaintiff's medical condition, and defendants were unable to take plaintiff's deposition until October 19, 1987. At the deposition plaintiff testified that he did not know precisely what caused him to fall but that he felt something strike him in the shins immediately prior to falling. He further testified that he saw no tools or debris in the immediate work area where he fell and that he did not remember seeing a jack or protruding jack handle along the right side of the truck.

On January 8, 1990, defendants filed a motion for summary judgment, asserting

that plaintiff failed to show defendants' action as the proximate cause of his injury. A hearing on the motion was held on March 6, 1990, during which the trial justice expressed concern over plaintiff's failure to show proximate cause. The trial justice offered plaintiff an additional week to present proof that defendants' negligence was the proximate cause of plaintiff's injury. The plaintiff declined and instead relied on his statement that he "felt something hit him in the shins" as sufficient evidence creating an inference that defendants' negligence was the proximate cause of the injury. The trial justice thereafter granted defendants' motion for summary judgment. The plaintiff appeals.

On appeal plaintiff asserts that defendants' motion for summary judgment should have been denied because there exist genuine issues of material fact to be properly resolved by a jury. The plaintiff claims that plaintiff's deposition testimony creates a reasonable inference that plaintiff had tripped over negligently placed tools left in an unrestricted work area. The defendants respond that the trial justice correctly granted the motion for summary judgment because plaintiff failed to show that plaintiff's injury was caused by any negligence attributed to defendants.

■ Summary judgment is a drastic remedy that should be cautiously applied. *McPhillips v. Zayre Corp.*, 582 A.2d 747, 749 (R.I.1990); *Rustigian v. Celona*, 478 A.2d 187, 189 (R.I.1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Alfano v. Landers*, 585 A.2d 651, 652 (R.I.1991). In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. *McPhillips*, 582 A.2d at 749; *O'Hara v. John Hancock Mutual Life Insurance Co.* 574 A.2d 135 (R.I.1990). Nevertheless, the party opposing summary judgment may not rest upon mere allegations or denials in its pleading and has an affirmative duty to set forth specific facts showing a genuine issue of fact to be re-

solved at trial. *Ouimette v. Moran,* 541 A.2d 855, 856 (R.I.1988). Failure to set forth such facts will result in summary judgment entered against the party opposing the motion. *Ardente v. Horan,* 117 R.I. 254, 257–58, 366 A.2d 162, 164 (1976). On appeal this court applies the same rules as the trial court and will affirm a trial justice's order granting summary judgment "[o]nly when our review reveals no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Banks v. Bowen's Landing Corp.,* 522 A.2d 1222, 1224 (R.I.1987).

■ To prevail in a negligence action, a plaintiff must show not only that the defendant owed the plaintiff a duty of care and that the duty was breached "but also that the defendant's negligence was the proximate cause of the plaintiff's injury." *Kennedy v. Tempest,* 594 A.2d 385, 388 (R.I.1991). The record shows that plaintiff has not asserted sufficient facts to satisfy the necessary elements of his negligence claim. Specifically, plaintiff fails to present evidence identifying defendants' negligence as the proximate cause of his injury or from which a reasonable inference of proximate cause may be drawn.

The plaintiff essentially claims that he was injured on Life–Cap's business premises and that he felt something hit him in the shins prior to falling; however, "[t]he mere happening of an accident does not in and of itself necessarily warrant a reasonable and legitimate inference of negligence." *Id.* The plaintiff does not assert what hit him in the shins or, in the alternative, identify anything that the defendant Life–Cap did that caused him to fall. In contrast, the plaintiff stated that the work area was clear of debris and tools and that he did not see any tools in the immediate area after he fell. The plaintiff conjectured that there may have been a jack and that he could have tripped over a jack handle, but he did not affirmatively identify any tool that could have caused his fall. No inference of the defendants' negligence may be drawn without such testimony, and the plaintiff's failure to present evidence by affidavit or deposition showing proximate

cause by direct allegation or by legal inference is a failure to satisfy a necessary element of the claim. Accordingly, the trial justice correctly granted the defendants' motion for summary judgment.

Therefore, for the reasons stated, the plaintiff's appeal is denied and dismissed. The order granting the defendants' motion for summary judgment is affirmed, and the papers of the case are remanded to the Superior Court.