John A. CUCCIO, et al.

v.

John DOE d/b/a.

No. 93–585–Appeal.

Supreme Court of Rhode Island.

Sept. 28, 1994.

Timothy O'Hara, Warren.

Mark Nugent, Patricia Buckley, Bennett Gallo, Providence.

ORDER

This matter came before a panel of this court on September 20, 1994, pursuant to an order directing the parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided.

The plaintiff, John A. Cuccio, appeals from a Superior Court order granting defendant W.V. DeGutis's motion for summary judgment. Plaintiff asserts there exists a genuine issue of material fact: whether or not there was "substantial completion" of the electrical work at issue by defendant to initiate the 10 year statute of limitations period contained in G.L.1956 (1985 Reenactment) § 9–1–29. Specifically, plaintiff argues that defendant's failure to apply for an electrical permit with the building inspector of the City of Cranston raises a genuine issue of material fact.

G.L.1956 (1985 Reenactment) § 9–1–29 states in pertinent part:

No action (including arbitration proceedings) in tort to recover damages shall be brought against any ... contractor or subcontractor who constructed such improvements to real property ... on account of any deficiency in the design, planning, supervision, or observation of construction or construction of any such improvements as in the materials furnished for such improvements:

(1) For injury to property, real or personal, arising out of any such deficiency;

(2) For injury to the person or for wrongful death arising out of any such deficiency; or

(3) For contribution or indemnity for damages sustained on account of any injury mentioned in clauses (1) and (2) hereof; more than ten (10) years after *substantial completion* of such improvement; Provided, however, that this shall not be construed to extend the time in which allows may otherwise be brought under §§ 9–1–13 and 9–1–14. (Emphasis added.)

As we have often stated, we will uphold a trial justice's granting of summary judgment when our review reveals no issues of material fact and the moving party is entitled to judgment as a matter of law. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I. 1987). When attempting to demonstrate that a genuine issue of fact exists, the non-moving party opposing summary judgment may not rest upon allegations or denials. *Russian v. Life–Cap Tire Services, Inc.*, 608 A.2d 1145, 1147 (R.I.1992).

Here plaintiff has produced no affirmative evidence controverting the fact that the electrical work at issue was *actually* completed in June of 1980. Defendant's mere failure to obtain an electrical permit fails to rise to the level of a genuine issue of material fact.

Therefore, we find that no genuine issue of material fact existed and that the plaintiff was entitled to judgment as a matter of law. Consequently, plaintiff's appeal is denied and dismissed.

WEISBERGER, Acting C.J., did not participate.