Germaine **ROUTHIER**

v.

Eugene **GAUDET, et al.**

No. 95–391–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1997.

Edward J. Mulligan, Lincoln, for Plaintiff.

Russell C. Bengtson, Patricia J. Buckley, for Defendant.

Before LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This case came before a hearing panel of this Court for oral argument on November 19, 1996, pursuant to an order that directed the plaintiff to appear and show cause why the issues raised by the plaintiff's appeal from a Superior Court justice's entry of summary judgment in favor of the defendant should not be summarily decided.

After considering the memoranda submitted by the parties and hearing the arguments of counsel, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On October 13, 1992, plaintiff, Germaine Routhier (Routhier), who was then seventy-five years of age, tripped and fell in the waiting room of her physician, the defendant, Eugene Gaudet, M.D. (Dr. Gaudet). Routhier, who sustained injuries as a result of the fall, had been Dr. Gaudet's patient for approximately eight years.

In her affidavit submitted in support of her objections to defendant's motion for summary judgment, Routhier explained that she fell because her left shoe became wedged under a decorative ledge protruding along the bottom of a bookcase where it met the floor. She also alleged that another patient of Dr. Gaudet's who was in the waiting room at the time she fell told her that she too had tripped because of the same bookcase. Routhier's nephew, who accompanied her to Dr. Gaudet's office on the day of the incident, also submitted an affidavit opposing summary judgment, alleging essentially the same facts as were alleged in Routhier's affidavit. Photographs that depicted the location and the condition of the bookcase that allegedly caused Routhier to fall[1] were also made part of the summary judgment record. After reviewing all the evidence, the trial justice concluded that the location and the condition of the bookcase did not present any unreasonable risk of danger to anyone. Accordingly, she granted summary judgment in favor of Dr. Gaudet. We conclude that summary judgment was proper on the facts in the record before us.

■ The materials submitted by Routhier failed to allege any material facts that could possibly establish any negligence or breach of any duty owed to Routhier by Dr. Gaudet. In order to defeat a motion for summary judgment, Routhier was required to present some evidence, circumstantial or direct, from which it could reasonably be determined that Dr. Gaudet owed Routhier a duty that had

been breached. *See Russian v. Life–Cap Tire Services, Inc.,* 608 A.2d 1145 (R.I.1992).

■ As a business invitee, Dr. Gaudet owed Routhier the duty of maintaining his office waiting room in a reasonably safe condition for the purpose intended by his business. Although that duty required Dr. Gaudet to exercise reasonable care, he was not "required to anticipate and protect [Routhier] against the unlikely or the improbable" and he was not required "to safeguard [Routhier] against the obvious danger or one that was a matter of common knowledge, as to both of which [Routhier] would ordinarily have assumed the risk." *Jasionowski v. Burrillville Racing Association,* 116 R.I. 173, 180, 353 A.2d 617, 620–21 (1976) (quoting *Cofone v. Narragansett Racing Ass'n.,* 103 R.I. 345, 350–51, 237 A.2d 717, 720–21 (1968)).

Routhier failed to allege any facts in her affidavit that would suggest that there was anything unusual about the bookcase that could have created any danger to patients in Dr. Gaudet's waiting room. The plaintiff herself had been there many times previously and had encountered no difficulty with the bookcase. We were confronted with a similar case fact situation in *Glennon v. The Great Atlantic & Pacific Tea Co.,* 90 R.I. 113, 155 A.2d 330 (1959). In *Glennon,* a man tripped and fell over a low concrete wall outside a supermarket. The man and his wife had walked around the wall when entering the supermarket, and his wife was able to avoid the wall when the couple later exited the supermarket. The man, however, fell and filed a civil action for damages based on the supermarket's alleged negligence in maintaining the existence of a dangerous condition in front of the supermarket. In concluding that the trial justice should have directed a verdict in favor of the supermarket, we explained that

"there is no evidence in the record before us from which the jury could find any act of negligence on the part of defendant. The first count alleges in substance that

1. The bookcase itself was moved to a different location in the waiting room after Routhier fell and as of the time of the hearing on the summary judgment motion no one knew the whereabouts of the bookcase.

the wall in question was dangerous. But there is a complete failure of evidence to support such allegation. The testimony describing the location and construction of the wall discloses nothing unusual. The same can be said of the photographs which are in evidence. There is no evidence that the wall was not in good repair or that it was concealed and not visible to customers. In fact plaintiff admitted in cross-examination that the low wall was perfectly visible.

"On the basis of the record before us we are compelled to conclude as a matter of law that there is no evidence to support a finding that the wall was dangerous or that it was negligently constructed or maintained. In our opinion, therefore, the trial justice erred in denying defendant's motion to direct a verdict on the first count. *See Brooks v. Sears, Roebuck & Co.*, 302 Mass. 184 [19 N.E.2d 39 (1939)], and *Valunas v. J.J. Newberry Co.*, 336 Mass. 305 [145 N.E.2d 685 (1957)]." *Glennon*, 90 R.I. at 117, 155 A.2d at 331–32.

Likewise, in the record before us, there is no evidence that the bookcase was unusually dangerous or that its location in the waiting room created a dangerous condition. In the absence of such evidence, the motion for summary judgment was properly granted.

For the foregoing reasons, the plaintiff's appeal is hereby denied and dismissed. The final entry of summary judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.

WEISBERGER, C.J., did not participate.