James M. MUNROE

v.

CHEATERS HOLDING CORP. et al.

No. 2000–415–Appeal.

Supreme Court of Rhode Island.

Nov. 4, 2002.

Robert D. Goldberg, Pawtucket, for Plaintiff.

Dean G. Robinson, John B. Reilly, Michael Kiselica, Warwick, Mark T. Reynolds, Richard M. Lord, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG and FLANDERS, JJ., and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

This negligence case came before the Court for oral argument on September 24, 2002, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the memoranda filed by the parties, we are of the opinion that cause has not been shown and shall proceed to decide the case at this time.

The plaintiff in this case, James M. Munroe (Munroe), appeals from the grant of summary judgment and from the entry of final judgment in favor of defendants H. Charles Tapalian (Tapalian) and C.R.&D. Developers, Inc. (C.R.&D.).[1] Munroe contends that there are genuine issues of material fact to support a finding that Tapalian and C.R.&D. negligently caused his injuries by failing to provide adequate security personnel at Cheaters, an exotic dance club in Providence.

On October 14, 1995, Munroe suffered injuries to his face as he was leaving Cheaters when allegedly he was pushed from behind into a door jam. He maintains that it was a member of Cheaters's security personnel who pushed him, and he now seeks damages for his injuries.

In granting the joint motion for summary judgment, the trial justice found that Munroe failed to produce any evidence of the standard of care required for other professionals in the consultation business or any evidence of Tapalian's or C.R.&D.'s deviation therefrom. Munroe appeals contending that genuine issues of material fact demonstrate that C.R.&D. and Tapalian were negligent because they provided inadequate security arrangements on the night in question.

C.R.&D. is a consulting corporation whose stock is owned solely by Tapalian. He also is the only officer of the corporation. C.R.&D. had a contract with Cheaters to provide it with advice on how to operate its club. C.R.&D., through Tapalian, was involved in the decision-making process concerning which security firm to employ and how much security personnel would be needed on a given night. In addition, Tapalian frequently visited Cheaters to check on the club's operations. Munroe asserts that the hearing justice erred in granting summary judgment to C.R.&D. and Tapalian because the aforementioned facts demonstrate that C.R.&D., in its corporate capacity, and Tapalian, in his personal capacity, both were responsible for providing adequate security at Cheaters and that they negligently failed to do so.

In our *de novo* review of a hearing justice's decision to grant summary judgment, we apply the same standards and rules as those that were employed by the hearing justice. *See Roe v. Gelineau*, 794 A.2d 476, 481 (R.I.2002). "Ordinarily the determination of proximate cause * * * is a question of fact that should not be decided by summary judgment." *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 467 (R.I.1996). "However, one resisting summary judgment must assert 'sufficient facts to satisfy the necessary elements of his [or her] negligence claim' and if a 'plaintiff fails to present evidence identifying defendants' negligence as the proximate cause of his [or her] injury or from which a reasonable inference of proximate cause may be drawn,' then summary

---

**1.** Final judgment was entered in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure. The other defendants in this action, Cheaters Holding Corp., Cheaters, Inc., and 3 Brother Management, Inc., are not parties to the appeal.

judgment becomes proper." *Id.* (quoting *Russian v. Life–Cap Tire Services, Inc.,* 608 A.2d 1145, 1147 (R.I.1992)).

The record reveals that Munroe failed to produce *any* evidence that either Tapalian or C.R.&D. were involved in, much less caused, the negligent act that allegedly was committed by a member of the security personnel. The security personnel were not employed by C.R.&D.; rather, they worked for 3 Brothers Management, Inc. Neither C.R.&D. nor Tapalian scheduled the specific security personnel for the night in question. Additionally, there was no evidence that Tapalian even was present that night and there was not a scintilla of evidence that the conduct of either C.R.&D. or Tapalian, or the alleged inadequacies in the security arrangements, would have had any effect on causing Munroe's injuries.

Considering that Tapalian's involvement with Cheaters was as the only shareholder and officer of C.R.&D., and considering that there was no evidence of any wrongdoing committed by either C.R.&D. or Tapalian, we need not attempt to pierce C.R.&D.'s corporate veil to reach Tapalian. Suffice it to say that there appears to be a complete absence of evidence in the record to justify holding either C.R.&D. or Tapalian liable for Munroe's injuries.

For the foregoing reasons, Munroe's appeal is denied and dismissed and the summary judgment is affirmed. The papers in the case are remanded to the Superior Court for further proceedings.

Justice GOLDBERG did not participate.